# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. ZERINA SPALDING,
Petitioner,

v.

DEPARTMENT OF THE TREASURY,
Agency.

DOCKET NUMBER
CB-1208-22-0016-U-4

DATE: December 27, 2022

## THIS STAY ORDER IS NONPRECEDENTIAL[1]

Julie R. Figueira, Esquire, Malvina Winston, Esquire, and Paul David Metcalf, Jr., Esquire, Washington, D.C., for the petitioner.

Corlie McCormick, Jr., Esquire, Crofton, Maryland, for the relator.

Ralph C. Conte, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER ON STAY REQUEST**

¶1 Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests an extension of the previously granted stay of the proposed removal issued by the Department of the Treasury (agency) while OSC completes its investigation and legal review of the matter and determines whether to seek corrective action. For the reasons discussed below, OSC's request is GRANTED.

**BACKGROUND**

¶2 On July 28, 2022, Member Limon granted OSC's request for a 45-day stay of the proposed removal of Ms. Spalding based on a charge of misconduct. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-1, Order on Stay Request (July 28, 2022). OSC subsequently requested, and the Board granted, two additional extensions of the stay.[2] The current stay issued on November 9, 2022, is in effect through January 8, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Order on Stay Request (Nov. 9, 2022) (U-3 Order on Stay Request).

¶3 On December 22, 2022, OSC filed a timely consent request to extend the stay through January 23, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-4, Stay Request File (U-4 SRF), Tab 1. OSC requests a 14-day extension to the existing stay in order to account for the fact that the current stay extension request and agency response deadlines fall on weekend days and occur during the winter holiday season. *Id.* at 2. Specifically, OSC requests that the following deadlines

---

[2] By order dated September 9, 2022, the Board extended the stay through November 9, 2022. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-2, Order on Stay Request (Sept. 9, 2022). By order dated November 9, 2022, the Board extended the stay through January 8, 2023. *Special Counsel ex rel. Zerina Spalding v. Department of the Treasury*, MSPB Docket No. CB-1208-22-0016-U-3, Order on Stay Request (Nov. 9, 2022).

should apply to extend the stay order: (1) the existing stay should be extended through and including January 23, 2023; (2) any request for an additional extension by OSC should be due on or before January 9, 2023; and (3) the agency's response to any extension request should be due on or before January 16, 2023. *Id.* at 2-3.

## ANALYSIS

¶4        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice. *Id.* In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may grant the extension for any period that it considers appropriate. 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶¶ 3, 5 (2007) (noting that a separate determination must be made on the length of the requested stay). Under the circumstances, and in light of the fact that the agency consents to the extension, we find it appropriate to extend the stay through January 23, 2023.

## ORDER

¶5        Pursuant to 5 U.S.C. § 1214(b)(1)(B), the requested extension of the stay is hereby GRANTED, and it is ORDERED as follows:

    (1)    The stay issued on November 9, 2022, is extended through and including January 23, 2023, on the terms and conditions set forth in that Order;

    (2)    The agency shall not effect any changes in Ms. Spalding's duties or responsibilities that are inconsistent with her salary or grade level, or

impose upon her any requirement that is not required of other employees of comparable position, salary, or grade level;

(3)     Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)     Any request for an extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before January 9, 2023; and

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before January 17, 2023.[3]


FOR THE BOARD:                    /s/
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.

---

[3] Although OSC requests January 16, 2023, as the due date for an agency to comment on any request, that day is a Federal holiday.  *See* 5 C.F.R. § 1201.23 (providing that, if a filing deadline falls on a weekend or Federal holiday, the filing period includes the next business day).